JOSEPH DECAMP *v.* A. O. GASKILL ET AL.

By contract with G., D. performed work and labor for necessary repairs on the separate property of G.'s wife. G. paid for part, and gave his note for the balance. G.'s wife verbally admitted that her husband was acting as her agent, and saw the work going on without objection. The property was conveyed to a third party by contract dated the day of service of process in this suit brought by D. to charge the wife's estate with satisfaction of a judgment already obtained on G.'s note.

*Held,* 1. That the acceptance of G.'s note, and recovery of a judgment thereon, was no bar to the separate liability of his wife's estate.

2. That the wife's estate was liable for debt incurred by G. on the credit of her property; and after receiving the benefit she was estopped to deny her liability, which equity would enforce.

3. That it was not necessary to describe the particular property sought to be made liable, but that equity would enforce the demand against her property in general.

4. That the specific property on which the repairs were made was liable, after sale, in hands of purchaser, under section 79 of the Code.

Suit against husband and wife, asking judgment against the wife alone for work and labor done, and material furnished, at the request of the wife and under a verbal agreement with her, in repairing and making additions to a house, then her separate property. The amount claimed is $252 and interest. Both defendants were served with process, and answer denying that any contract was made with the wife, or that the work and materials were furnished at her request, but averring that the contract was made with the husband, and that he had given the plaintiff a note for $277, whereon a judgment had been recovered, which was shown by the evidence to be unsatisfied.

To this answer there was no reply. By the evidence on the trial, it appeared that the whole bill was $428, on which Mr. Gaskill had paid $230; that Mrs. Gaskill had said to the plaintiff that she fully intended the amount should be paid; that her husband was her agent in the making of the contract, and that the debt was just and ought to be paid.

It was proved that the repairing was necessary, and that Mrs. Gaskill saw the work going on and raised no objection to it. The note of Mr. Gaskill to the plaintiff was made by him at the plaintiff's request, and Gaskill admitted that he attended to his wife's business in this matter. The property on which the work was done was conveyed the day this suit brought.

At Special Term judgment was given for the defendants. A motion was made for a new trial and overruled, to which ruling a writ of error was taken.

*Decamp*, for plaintiff.

*Pruden*, contra.

HAGANS, J. It will be seen that this suit is not brought to enforce a mechanic's lien, but is simply an action on an account for work and labor done and materials furnished, on repairing the wife's property, which has since been conveyed to a third person, the time for taking a lien having long since expired. The objection made to a recovery, that the husband had given his note for the amount sued for in this cause, and that a judgment had been recovered thereon against him and execution issued, is, we think, of no avail, as it nowhere appears that the note was given in satisfaction of the debt. What was done by the plaintiff after obtaining this note is not sufficient evidence to preclude the maintenance of this action against the wife, if it can be maintained at all. They are not jointly liable.

We are all of opinion, upon the testimony, that Mr. Gaskill acted in behalf of his wife in obtaining the work and materials, wherefore it must be inferred that she intended to charge her separate property. There is no question but that the work and materials were for the benefit of her separate estate, or that the debt was incurred on the credit of her property. She received the benefit of the work and materials, and though there was some testimony looking to a remonstrance with her husband against having the work

done, she did not stop it as she might have. It would be inequitable after it has been done, and the benefit of it realized, as the property has since been sold, to allow her to set up such a defense. The Commission of Appeals of New York, in a case just reported (*The Corn Exchange Insurance Co.* v. *Babcock et al.*, 42 N. Y. 615), under a statute much broader than our act of March 23, 1866 (S. & S. 391), rendered an ordinary judgment against a married woman, where she had indorsed her husband's note as his surety, without consideration and without benefit to her, charging in the indorsement her separate estate with the payment of the note. And the Court of Appeals of Kentucky have gone quite as far in a cause decided as long ago as 1852. *Bell and Terry* v. *Kellar*, 13 B. Mon. 385.

Without discussing these authorities and their application to our legislation, it is enough to say that our statute clearly makes a wife's property liable on a contract made by her or with her authority or assent for the benefit of her separate estate. Our Supreme Court has so held in construing this statute in a case to be reported in 20 Ohio St., *Phillips et al.* v. *Graves et al.*, that a married woman may charge her separate estate, real or personal, with her debts to the whole extent that the same were incurred for the benefit of her separate estate or for her own benefit on the credit of her separate property, and that the intention to exercise such a power at the time the debt is incurred may be either express or implied, and that a court of equity will enforce the payment of such charges:

1. By appropriating the personal property;
2. By sequestering the rents and profits of realty; and,
3. By a sale of the realty when necessary.

There is no dispute that the contract here was for the benefit of the separate estate of the defendant and upon the credit thereof, and, as we have seen, her estate must be held liable.

The property in which the work was done has been con-

veyed after the suit was brought. It does not appear that the defendant has any other separate property. We have no doubt that the specific property upon which the work was done could be charged with this debt, if it were still in the ownership of the defendant, or if sold during pendency of the suit. But we do not think that there is any good reason that the liability should be confined to that property alone. It is unnecessary that the specific property to be charged should be described when the contract was made. This question has been much mooted in New York, and in *The Corn Exchange Ins. Co.* v. *Babcock et al.*, all the commissioners hold, Hunt, Gray, and Earls, Commissioners, giving separate opinions, in which they review and collect the authorities in England and elsewhere, that "there is no more propriety in the principle sought to be sustained than there would be in holding that the promissory note of a male adult must describe the property seized on execution issued on a judgment recovered on the note. The law holds all the property of the maker or the obligor responsible for its satisfaction. The judgment, when recovered, creates the lien."

That was an action at law. The precise point is clearly stated in *Ballou* v. *Dellaye*, 37 N. Y. 35, where, in reversing the judgment below, Parker, J., says, "I have no doubt that the obligation the defendant took on herself was for the benefit of her separate estate, which is therefore chargeable in equity for the payment of the deficiency in question. In such a case the liability attaches, not as a specific lien on any particular portion of her estate, but upon the whole of it. Her separate estate, as a whole, becomes liable for any indebtedness contracted by her for its benefit to any extent." See also *N. A. Coal Co.* v. *Dyett*, 20 Wend. 570. When, however, the suit is in equity the proceedings and the judgment should specify the property to be subjected. Here the property on which the work was done is described in the petition.

It has already been stated that the property in question

was conveyed during the pendency of the suit. If it be true that this is the only property the defendant has, can it be charged with this debt in the hands of the vendee? There is a contract for the sale of this property, dated on the very day process in this suit was served. This contract was filed among the papers by the defendant, but not attached to the bill of exceptions. Nor is there any evidence on the subject in the bill of exceptions except a vague statement that the property had been sold. Certainly if the suit were pending when this sale took place, no interest could be acquired by the vendee against the plaintiff. Code, sec. 79; 2 S. & C. 966. The vendee would take *cum onere*, and we take it for granted that it constituted the whole of the wife's separate realty at the time the contract was made. But the whole testimony is too vague on several material matters for a fair consideration. The evident purpose of the action is to charge this property.

On the whole case, we think the judgment should be reversed and the cause remanded for further proceedings.